# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Stacey Keffer, | Civil Action No. 0:18-cv-02900-JMC |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Andrew M. Saul, *Commissioner of Social Security Administration*, | |
| Defendant. | |

This action arises from Plaintiff Stacey Keffer's application to the Social Security Administration seeking disability insurance benefits ("DIB") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that the court affirm the Commissioner's final decision because it is supported by substantial evidence and reached through application of correct legal standards. (ECF No. 13 at 12.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 13) and **AFFIRMS** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 13 at 1–5.) Plaintiff applied for DIB in October 2015, alleging a disability onset date of June 10, 2010. (*Id.* at 2.) Plaintiff claimed that his "disability [is] due to post-traumatic stress disorder, migraines, irritable bowel syndrome, obstructive lung disease, hamstring tendinosis, and a left hip injury." (*Id.* at 3 (citing ECF No. 6-6 at 6).) The Social Security Administration denied Plaintiff's initial application and subsequent request for reconsideration. (*Id.* at 1–2.) Plaintiff appeared before an Administrative Law Judge ("ALJ") in

February 2018, seeking a review of the application. (*Id.* at 3.) In May 2018, the ALJ issued an "Unfavorable Decision," finding that Plaintiff was not disabled from June 2010 through December 2011 and denying his DIB application. (*Id.* (citing ECF No. 6-2 at 10–12).) The ALJ's findings of fact and conclusions of law are provided as follows:

> The claimant last met the insured status requirements of the Social Security Act on December 31, 2011.
>
> The claimant did not engage in substantial gainful activity during the period from his alleged onset date of June 10, 2010 through his date last insured of December 31, 2011 (20 C.F.R. § 404.1571, *et seq.*).
>
> Through the date last insured, the claimant had the following severe impairments: s/p hamstring tendinosis, instep arthralgia and pes cavus, obstructive lung disease, bilateral hearing loss, post-traumatic stress disorder, and depressive disorder (20 C.F.R. § 404.1520(c)).
>
> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently, as defined in 20 C.F.R. § 404.1567(b)) except he should not climb ladders, ropes or scaffolds; he could occasionally kneel, stoop, crawl, and crouch; he should avoid concentrated exposure to unprotected heights, vibrating tools, and moving machinery; he should avoid concentrated exposure to chemicals, dust, gases, chemicals and pollutants; he should avoid concentrated exposure to extreme temperatures and humidity; he is capable of simple routine repetitive tasks and unskilled work; he should not work in crisis situations or work where he is engaged in complex decision-making or experiencing a constant change in routine; he could have occasional interaction with supervisors, coworkers, and the public; he could stay on task 2 hours at a time throughout the workday.
>
> Through the date last insured, the claimant was unable to perform any past relevant work (20 C.F.R. § 404.1565).
>
> The claimant was born on November 9, 1966 and was 45 years old, which is defined as a younger individual age 18 to 49, on the date last insured (20 C.F.R. § 404.1563).
>
> The claimant has at least a high school education and is able to communicate in English (20 C.F.R. § 404.1564).
>
> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills

>(*See* S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
>Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 C.F.R. §§ 404.1569 and 404.1569(a)).
>
>The claimant was not under a disability, as defined in the Social Security Act, at any time from June 10, 2010, the alleged onset date, through December 31, 2011, the date last insured (20 C.F.R. § 404.1520(g)).

(ECF No. 6-2 at 13–28.) The Appeals Council denied Plaintiff's subsequent appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* at 4 (citing ECF No. 6-2 at 2–9).) Plaintiff filed a Complaint on October 26, 2018. (ECF No. 1.) The Commissioner filed the administrative record on March 21, 2019. (ECF No. 6.) The Report summarizes the issues raised in Plaintiff's brief filed on April 22, 2019, as follows:

>Issue 1: Improper reliance on vocational expert testimony. The ALJ is specifically required to elicit an explanation when a potential conflict exists in the VE's testimony. Can a decision based on improper reliance of VE testimony be found to be based upon substantial evidence?
>
>Issue 2: The ALJ must evaluate the claimant's [Veterans' Affairs ("VA")] rating decision. Can a decision that summarily dismisses a VA rating decision without proper evaluation stand?

(ECF No. 13 at 5 (citing ECF No. 7 at 8, 12).) On June 3, 2019, the Commissioner filed a brief claiming that the ALJ's assessment is supported by substantial evidence. (ECF No. 8.) Specifically, the Commissioner points out that "Plaintiff does not contest the ALJ's residual functional capacity ["RFC"] finding. Rather, he argues (1) that the ALJ failed to resolve an allegedly 'apparent' conflict . . . and (2) that [the] ALJ failed to properly evaluate his VA disability rating." The Magistrate Judge issued a Report on November 26, 2019, recommending that this court affirm the Commissioner's final decision because Plaintiff "has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal

standard." (ECF No. 13 at 12 (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).) Plaintiff timely filed Objections to the Report on January 29, 2019 (ECF No. 14), and the Commissioner filed a Reply opposing Plaintiff's objections on December 17, 2019 (ECF No. 16).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id*.

## III. DISCUSSION

A. <u>Plaintiff's First Objection</u>

As to the first issue raised in his brief (*See* ECF No. 7 at 8), Plaintiff concedes that the

4

United States Court of Appeals for the Fourth Circuit has held that there is "not an apparent conflict between a limitation to 'simple, routine, repetitive tasks of unskilled work' and 'Level 2's notions of detailed but uninvolved . . . instructions and tasks with a few variables.'" (ECF No. 14 at 1 (citing ECF No. 13 at 6 (citing *Lawrence v. Saul*, 941 F.3d 140, 143 (4th Cir. 2019)).) However, because "the *Lawrence* Court entered a Stay of Mandate under Fed. R. App. P. 41(d)(1) pending a rehearing . . . should [the court] not find that the second issue . . . warrants remand, [Plaintiff] request[s] that this case be further stayed pending the outcome of [the] rehearing." (*Id.*)

B. Plaintiff's Second Objection

As to the second issue (*See* ECF No. 7 at 12), Plaintiff objects and asserts that the ALJ failed to "properly evaluate the VA Rating Decision" and therefore the Magistrate Judge erred in determining that "the ALJ has sufficiently explained why the record demonstrates according limited weight to the VA disability rating in accordance with requirements outlined in [*Bird v. Astrue*, 699 F.3d 337 (4th Cir. 2012)] and [*Woods v. Berryhill*, 888 F.3d 686, 692 (4th Cir. 2018)] . . . ." (*Id.* at 4.) Moreover, "the ALJ's failure to weigh [Plaintiff's] Compensation and Pension ("C&P") Examination" does not support the Magistrate Judge's finding that such a failure is merely "harmless error," and that the Magistrate Judge erred in finding that he "failed to demonstrate that additional limitations would be warranted based on the box checked indicating that [Plaintiff] had '[o]ccupational and social impairment with reduced reliability and productivity.'" (*Id.* at 5, 11.) In sum, "the ALJ simply failed to 'build an accurate and logical bridge from the evidence to his conclusion.'" (ECF No. 14 at 4–5 (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (internal quotation marks omitted).)

C. The Court's Review

The scope of judicial review is narrowly tailored to determine whether the findings of the

Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971). Rather, the court must uphold the Commissioner's decision if it is supported by "substantial evidence," which is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401. If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Magistrate Judge found that the "ALJ appears to have complied with the dictates of *Bird* and *Woods*, and remand is not warranted for further consideration of this issue." (ECF No. 13 at 10.) The court agrees. In considering the VA disability rating, the ALJ stated:

> The undersigned has also considered the service-connected ratings the [VA] gave the claimant in the 2010/2011 time period []. However, a Veterans' Administration disability rating is not a medical opinion; it is another governmental agency's adjudicative finding based on its rules and is not a medical opinion that SSA adjudicators must evaluate under 20 C.F.R. §§ 404.1527 and 416.927. Disability decisions by any other governmental agency, such as the VA, are based on that agency's rules and are not binding on SSA. 20 §§ C.F.R. 404.1504 and 416.904. However, disability decisions made by any other governmental agency are evidence that adjudicators must consider during the course of their deliberations, along with other evidence in the case file. 20 C.F.R. §§ 404.1504, 404.1512(b)(5), 416.912(b)(5), 404.1527(f) and 416.927(f).
>
> Because the VA disability rating reflects another agency's application of its own rules, it is generally of limited evidentiary value without consideration of the supporting evidence on which the rating was based. Statements or findings that a claimant is 'disabled,' 'unable to work,' can or cannot perform a past job, meets a Listing or the like are administrative findings dispositive of a case, requiring familiarity with the Social Security regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate his statutory responsibility to determine the issue of disability. Opinions on issues reserved for

the Commissioner can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the records as a whole, or contradicted by persuasive evidence (20 C.F.R. § 404.127(d)(2)). However, the undersigned notes that in the present case, the VA did not make any of those conclusory statements during the relevant period.

Furthermore, the [VA]'s disability programs differ from [SSA]'s disability programs under Titles II and XVI of the Act in several significant areas. For example, the VA expresses disability as a percentage of diminished earning capacity. In contrast, SSA does not assess degrees of disability. Rather, SSA determines whether a claimant is disabled or blind. The [VA]'s and the [SSA] also require claimants to meet different technical eligibility factors before awarding disability compensation or benefits. The [VA]'s also uses a more deferential standard for evaluating subjective complaints than the [SSA]. Further, the [VA]'s determination that a veteran is unemployable is not the same as a step four or five finding under SSA regulations. The VA considers a veteran to be unemployable if he or she is unable to secure or follow (get and keep) a 'substantially gainful occupation,' as that term is defined in the VA regulations, as a result of service-connected disabilities. 38 C.F.R. § 4.16. In contrast, the findings of the Social Security Administration's adjudicators at steps four and five result from a comparison of an individually-determined RFC with the physical and mental demands of specific occupations, and rely on specific vocational resources, of which we take administrative notice, such as the [DOT] and, in many cases, vocational expert testimony. 20 C.F.R. §§ 404.1560-1569(a) and 416.960-969(a).

Accordingly, the VA's opinion that the claimant has certain 'service-connected rated disabilities' is not translatable to the issue decided in this decision. The great weight of the evidence establishes that the claimant is capable of performing a limited range of light, unskilled work activity despite the combination of his impairments.

(ECF No. 13 at 7–9 (citing ECF No. 6-2 at 25–26).)

Moreover, the Report provides the Magistrate Judge's reasoning as to whether the ALJ sufficiently explained the decision to afford limited weight to the VA disability rating:

In *Bird v. Astrue*, [] the United States Court of Appeals for the Fourth Circuit addressed for the first time the weight that the [SSA] must afford to a [VA] disability rating. Specifically, the *Bird* Court held that in making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate. []

7

> The Fourth Circuit recently extended the rationale in *Bird* to state agency determinations [in *Woods*, which] further elaborated on *Bird's* requirement that the record 'clearly demonstrate' that a deviation from another agency's disability determination is appropriate by explaining that 'an ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record.' []

(*Id.* at 7 (internal citations and quotation marks omitted).) The Magistrate Judge identified numerous medical records to illustrate the point. (*Id.* at 9–10 (citing ECF Nos. 6-2 at 22; 6-21 at 13, 43, 45; 6-29 at 5, 47, 49–50, 75, 77; 6-30 at 34, 36).) Indeed, a review of the ALJ's decision demonstrates that Plaintiff's mental and physical impairments were considered extensively, which provided compelling reasons for the ALJ to deviate from the VA disability rating. (*Id.* at 9-11; 6-2 at 22–25; *Craig*, 76 F.3d at 595 (explaining that both the ALJ and the court consider evidence in the whole record when analyzing claims).) Specifically, the ALJ acknowledged the differences between the disability rating systems of the VA and SSA, then expressly stated that the evidence established that Plaintiff was capable of performing a limited range of light, unskilled work. (*See* ECF Nos. 13 at 9; 6-2 at 22–23, 25–26.)

As to the "harmless error" issue, the court finds Plaintiff's claim to be without merit. (*See* ECF No. 14 at 6 ("The ALJ's decision simply shows no indication that he was aware that a medical opinion was contained in that section of the record.").) The Magistrate Judge correctly points out that the ALJ's review of the medical record "clearly demonstrated consideration of the various findings and diagnoses by the VA, and it is clear the ALJ was aware of this particular C&P examination, as the ALJ explicitly acknowledged Plaintiff's reports during the examination that he attended meetings for [Veterans of Foreign Wars], Masonic meetings, and church, and [also] engaged in social activities with friends." (ECF No. 13 at 11 (citing ECF No. 6-2 at 22; 6-7 at 7).)

Here, the ALJ accounted for Plaintiff's limitations by restricting him to "simple, routine, repetitive tasks and unskilled work; he should not work in crisis situations or work where he is

engaged in complex decision-making or experiencing a constant change in routine; he could have occasional interaction with supervisors, coworkers, and the public; he could stay on task 2 hours at a time throughout the workday" (*Id.* (citing 6-2 at 18–19).) Thus, to the extent the ALJ failed to discuss the C&P evaluation, the court finds that such an error is harmless and does not require remand. (*See id.*)

Additionally, the court is unpersuaded by Plaintiff's claim that the Magistrate Judge erred in finding that Plaintiff "failed to demonstrate that additional limitations would be warranted based on the box checked indicating that [Plaintiff] had '[o]ccupational and social impairment with reduced reliability and productivity.'" (ECF Nos. 14 at 11; 13 at 11 (citing ECF No. 6-7 at 7).) On the contrary, "the ALJ carefully considered the entire record and ultimately discounted the VA's disability rating that stemmed from this examination." (*Id.*) As the court states above, the ALJ accounted for Plaintiff's limitations by restricting him to "simple, routine, repetitive tasks and unskilled work . . . ." (*Id.* (citing 6-2 at 18–19).) Even if a conflict existed, there is substantial evidence to support the ALJ's fact-finding, i.e., "[t]hrough the date last insured . . . there were jobs that existed in significant numbers in the national economy that the claimant could have performed." (ECF No. 6-2 at 27 ¶ 10.) An ALJ's factual finding is "'conclusive' in judicial review" when it is "supported by 'substantial evidence.'" *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019); *see also Bishop v. Comm'r of Soc.*, 583 F. App'x 65, 67 (4th Cir. 2017) ("[I]f the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time.") Accordingly, there is no basis for granting Plaintiff's request to stay this case.

### IV. CONCLUSION

The court declines to stay this case because the Commissioner's final decision is supported

by substantial evidence and the foundation for the ALJ's decision is unambiguous. *See Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1987). Accordingly, the court is constrained to affirm the Commissioner's final decision. *See Richardson*, 402 U.S. at 390, 401; *see also Blalock*, 483 F.2d at 775. Therefore, for the reasons above, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 13) and **AFFIRMS** the Commissioner's final decision.

    **IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

March 12, 2020
Columbia, South Carolina